ORDERED.

Dated: August 7, 2012



Eileen W. Hollowell, Bankruptcy Judge

GARY R. STICKELL,
Attorney at Law, P.C.
301 E. Bethany Home Road, Suite B100
Phoenix, Arizona 85012
(602) 266-2622
Facsimile: (602) 266-0036
Email: gstickell@garystickell.net

Gary R. Stickell
AZ Bar #007512
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re

GABRIEL EDWARDO TORRES and
MARIA ROSARIO TORRES,

Debtors.

In Proceedings Under Chapter 13

No. 2:10-bk-41559 CGC

STIPULATED ORDER CONFIRMING
CHAPTER 13 PLAN AND FEE
APPLICATION

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income.</u> Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1- 9 (January 29, 2011 through September 29, 2011) | $125.00 |
| 10 (October 2011) | $ 00.00 |
| 11 -18 (November 29, 2011 through June 29, 2011) | $125.00 |
| 19-58 (July 29, 2012 through October 2015) | $280.00 |
| 59 (November 2015) | $300.00 |

The payments are due on or before the 29th day of each month commencing January 29, 2011. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of

the Plan term. Any funding shortfall must be cured before the Plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for **59** months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

(1) Administrative Expenses:

    Attorney Fees. Gary R. Stickell shall be allowed total compensation of $4,000. Counsel received $1,026 prior to filing this case and will be paid $2,974 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

    (a) Debtor is currently seeking a loan modification on his residence secured by a lien with Bank of America. The Trustee agrees to the entry of the confirmation order conditioned upon if the loan modification is approved, Debtor shall provide a copy to the Trustee and submit an amended Schedule I and J if the loan modification changes the amount scheduled for the loan payment.

(3) Claims Secured by Personal Property:

    (a) Surprise Farms Homeowner's Association, secured by a lien in the

- 2 -

*In Re:* *TORRES*
*Case No.* *2:10-bk-41559*

Case 2:10-bk-41559-SHG   Doc 46   Filed 08/07/12   Entered 08/08/12 07:49:56   Desc
- Order Confirming Chapter 13 Plan    Page 2 of 4

parties' residence, shall be paid in the amount of its claim $319.75 with interest of 10%.

(b) Springleaf Financial Services (aka American General Financial Services and/or Ashley Furniture), secured by a lien in furniture, shall be paid the amount of it's claim $1,737.95 with interest of 10%.

(4) <u>Unsecured Priority Claims:</u>

　　None

(5) <u>Surrendered Property:</u> Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

　　None

(6) <u>Other Provisions:</u> Debtors are seeking a loan modification on their mortgage serviced by Bank of America. Until such a loan modification is approved, Debtors are paying $1,065.00 a month directly to Bank of America. If Bank of America refuses to accept Debtors' direct payments, the funds will be held in Debtors' counsel's trust account.

(7) <u>Unsecured Nonpriority Claims:</u> All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end Plan may be discharged as provided in 11 U.S.C. § 1328.

- 3 -

*In Re:* **TORRES**
*Case No.* **2:10-bk-41559**

Case 2:10-bk-41559-SHG    Doc 46    Filed 08/07/12    Entered 08/08/12 07:49:56    Desc
- Order Confirming Chapter 13 Plan    Page 3 of 4

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

*[signature]*
Edward J. Maney, Trustee

*[signature]*
Gary R. Stickell
Attorney for Debtors

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*[signature]*
GABRIEL EDWARDO TORRES

*[signature]*
MARIA ROSARIO TORRES

- 4 -

*In Re:* __TORRES__
*Case No.* __2:10-bk-41559__